**ALD-015** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2009
_____

EDDIE RAY GRAY,
                                                            Appellant

v.

PA STATE TROOPER TIMOTHY WITTMAN, in his official and individual capacities;
ALAN M. CONN, Warren County Public Defender, in his official and individual
capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No.1-19-cv-00125)
Magistrate Judge: Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed January 7, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Eddie Ray Gray appeals the District Court's order dismissing his complaint. For the reasons below, we will summarily affirm the District Court's judgment.[1]

The procedural history of this case and the details of Gray's claims are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, Gray was convicted of conspiracy and several counts of terroristic threats and retaliation for sending threatening letters while in prison. He was sentenced to 35-71 years in prison. After state post-conviction proceedings, Gray filed a petition pursuant to 28 U.S.C. § 2254 and received habeas relief which resulted in three of his seven convictions for retaliation being vacated. The Commonwealth declined to retry him on those charges, and he was subsequently resentenced to 25-50 years in prison. Commonwealth v. Gray, No. 15 WDA 2020, 2020 WL 4333382, at *1 (Pa. Super. Ct. July 28, 2020).

In 2019, Gray filed a civil rights complaint in which he brought claims of false arrest and malicious prosecution against Appellee Trooper Timothy Wittman with respect to the vacated retaliation claims. He also alleged state law claims against Wittman and Alan Conn, an attorney who represented Gray at his criminal trial. Wittman filed a motion to dismiss which the District Court granted. It determined that Gray failed to state a claim for false arrest because he was already in custody and could not show that

---

[1] All parties consented to having the Magistrate Judge conduct the proceedings. See 28 U.S.C. § 636(c)(1).

he was detained without legal justification. The District Court also concluded that the false arrest claim failed as a matter of law because there was probable cause to arrest Gray on the other charges for which he was convicted. As for the malicious prosecution claim, the District Court determined that Gray's incarceration likewise undermined such a claim because the filing of the charges did not deprive him of any liberty. It declined to exercise supplemental jurisdiction over Gray's state law claims and concluded that amendment of the complaint would be futile. See Gray v. Wittman, No. 1:19-CV-000125, 2020 WL 2104739 (W.D. Pa. May 1, 2020). Gray filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the dismissal of the claims for failure to state a claim is plenary, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), and our review of the District Court's refusal to exercise supplemental jurisdiction over the state law claims is for an abuse of discretion. Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

To state a claim for false arrest, a plaintiff must establish that probable cause was lacking. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). Because probable cause is only needed with respect to any offense that could be charged under the circumstances, see Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994), establishing probable cause on one of multiple charges will defeat a claim of false arrest. Startzell v. City of Phila., 533 F.3d 183, 204 n.14 (3d Cir. 2008). Here, the jury's verdict

at Gray's criminal trial demonstrates that there was probable cause to arrest Gray on the remaining charges of terroristic threats and conspiracy.

To state a claim of malicious prosecution, Gray must allege that the defendants maliciously, and without probable cause, initiated a criminal proceeding which ended in his favor, and that he suffered a deprivation of liberty. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016). Here, Gray suffered no deprivation of liberty; he was already incarcerated and would have been detained on the other counts of conviction in any event. See id. at 380 (because plaintiff was already incarcerated before charges were brought and after they were dropped, he was not deprived of his liberty as a consequence of those charges).

Gray requests that we summarily remand the matter to allow him to amend his complaint. He seeks to include an affidavit from another prisoner to support his argument that probable cause did not exist on the vacated retaliation claims because he did not intend to harm the recipients of the letters but was trying to get transported to the Warren County Jail in order to escape.[2] This affidavit does not undermine the determination that probable cause supported the remaining charges and that Gray suffered no deprivation of his liberty. Because these additional allegations do not cure

---

[2] Gray did, in fact, try to escape from the Warren County Jail, and was sentenced to 15-30 years in prison after being convicted of aggravated assault, possession of an instrument of crime, and escape. Commonwealth v. Gray, No. 213 WDA 2017, 2017 WL 3574024, at *1 (Pa. Super. Ct. Aug. 18, 2017).

4

the deficiencies in his complaint, the District Court did not abuse its discretion in denying Gray an opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (opportunity to amend not required if it would be futile). Because the District Court correctly dismissed all the federal claims, it did not abuse its discretion in refusing to exercise supplemental jurisdiction over Gray's state law claims. Elkadrawy, 584 F.3d at 174.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those given by the District Court, we will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6.